UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH LATHUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-01172 (UNA) |
| | ) | |
| DANIEL DABEK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, initiated this matter by filing a complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. He then filed a supplement to the IFP application, ECF No. 4. On May 10, 2022, he filed a 34-page supplement, ECF No. 5, to the original complaint.

That same day, the court found that, by listing only a P.O. Box as his address, plaintiff had failed to comply with LCvR 5.1(c)(1). *See* Order, ECF No. 6. Plaintiff was directed to file, within 30 days, a motion setting forth reasons to use the P.O. Box address, or alternatively, an amended complaint containing a residence address. *Id*. On May 12, 2022, plaintiff filed the operative amended complaint, ECF No. 7, however, that pleading neither includes a residence address nor a request for permission to use a P.O. Box as a mailing address. Therefore, on May 13, 2022, the court entered a minute order again directing plaintiff to comply with the directives in the May 10th order.

On May 16, 2022, plaintiff filed a motion for permission to use a P.O. Box address, ECF No. 8. The court will grant that motion for good cause shown and will also grant plaintiff's IFP

1

applications. The court then turns to review the amended complaint, and for the reasons expressed herein, it will be dismissed without prejudice.

The amended complaint, totaling 36 pages, is difficult to follow. Plaintiff sues a single defendant, Daniel Dabek, for employment discrimination pursuant to Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"), and for violations of his First Amendment rights. The details from there, however, are less than cognizable.

Plaintiff contends that "[t]his matter begins on or near 12/2017, when Mr Lathus after finding the defendant on social media regarding a hot new industry known as Cryptocurrency. . . Mr. Lathus found this particular company Safe Exchange/Safex/Balkaneum/The World Marketplace by Daniel Dabek through one or more of his advertising venues[.]" Plaintiff states that he began appearing with his "ouija board on Mr. Dabeks Safex.Forum[,]" as part of his "Ouija sermons/séances [that] started in the summer of 2016[,]" and that eventually Dabek subscribed to plaintiff's YouTube channel. Because plaintiff was "very eager to potentially do work in this exciting new cryptocurrencies field[,]" he reached out to Dabek regarding possible employment opportunities.

Plaintiff's relationship with Dabek eventually devolved. He alleges that he was ignored and was further subject to a campaign of online harassment wherein, for example, "Dabek using a pseudonym account or one of his paid employees uses their computer hacking skills to find and share a private pornographic video Mr. Lathus and Ms. Pustelak privately made many years prior." Yet, despite these alleged events, plaintiff nonetheless applied for a job with Dabek on November 11, 2020, which plaintiff alleges was withheld after he conducted an online "live séance and

2

ask[ed] the Ouija some questions. It is the information the Ouija offers that sends Mr. Dabek into a frenzy and makes him initiate a malicious lawsuit against the Plaintiff."

Around that same time, Dabek apparently alleged that plaintiff committed trademark infringement, ultimately resulting in litigation filed by Dabek, and against plaintiff and others, in this District. *See Safex Foundation, Inc. v. Safeth LTD, et al.*, 21-cv-00161 (BAH) (filed Jan. 18, 2021), at Order (May 12, 2021), ECF No. 38 (entering default judgment against Safeth, Ltd., and a permanent injunction against plaintiff, his wife, and Safeth, Ltd.). Finally, plaintiff maintains that he and others were victims of Dabek's ongoing false advertising and fraudulent schemes, which have purportedly resulted in federal indictments and even untimely death. He seeks millions in damages.

*First*, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Here, the amended complaint is digressive and disorganized, failing to comply with Federal Rule 10(b) and D.C. Local Civil Rule 5.1(d), (e), and (g). More, Federal Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The amended complaint squarely falls into this category. It consists of mostly incomprehensible ruminations and non sequiturs, and it is unclear how many of these intended claims —where they can be understood— relate to one another.

*Second*, and to that end, "[e]vents may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).

*Third*, the amended complaint fails to allege any facts that would establish venue in the District of Columbia. Title VII provides that a civil action may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e–5(f)(3). The ADA is governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3). *See* 42 U.S.C. § 12117(a); *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) ("The Rehabilitation Act and [ADA] adopt the special venue provision of Title VII of the Civil Rights Act of 1964."). The ADEA has no venue provision of its own; instead, venue is determined by the general venue statute, 28 U.S.C. § 1391. *See, e.g., Rebar v. Marsh*, 959 F.2d 216 (11th Cir. 1992) (applying general venue provision to ADEA); *Horowitz v. Vasquez*, No. 00-1195, 2006 WL 2078445 at *1 (D.D.C. Jul. 24, 2006) (finding same). Under that statute, venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside

in the same state, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a substantial part of the property that is the subject of the action is situated, or in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

There is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination, and therefore, claims improperly raised in this District may be dismissed for that very reason.  *See Stebbins v. State Farm Mutual Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969); *see also* 28 U.S.C. § 1406(a).  And as pleaded, there is no connection between plaintiff's claims and this District.  Dabek is located in Harrisonville, Missouri, and plaintiff is seemingly domiciled in Arizona.  There is no indication that the alleged events transpired in this District, that relevant records are maintained here, or that plaintiff would have worked here.  Plaintiff contends that venue is proper in this District because Dabek's own lawsuit was filed here, however, that argument is unpersuasive and fails to meet any of the applicable statutory standards.

Put simply, the amended complaint lacks discernible claims.  There is also no basis to support jurisdiction or venue in this court.  For all of the aforementioned reasons, this case will be dismissed.  Plaintiff's pending motion for CM/ECF password, ECF No. 3, will be denied as moot.  A separate order of dismissal accompanies this memorandum opinion.

Dated: May 19, 2022

TREVOR N. McFADDEN  
United States District Judge